UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JANICE R. ARMSTRONG,

        Plaintiff,

v.                                                  Case No.  5:11-cv-165-Oc-TBS

MICHAEL J. ASTRUE, Commissioner of Social
Security,

        Defendant.
_____/

## ORDER

Pending before the Court is Plaintiff's Amended and Unopposed Application for Attorney's Fee Under the Equal Access to Justice Act. (Doc. 19).  Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff requests an award of fees in the amount of $2,782.25. The total for attorney services is confirmed by the attached attorney declaration and schedule of hours.  Plaintiff also seeks recovery of costs in the amount of $350.00 for the filing fee, payable out of the judgment fund administered by the United States Department of Treasury.   Plaintiff represents that the Commissioner has no objection to her application.

In her Consent Petition for Attorney Fees, Plaintiff asserts that she is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified and that her net worth at the time this proceeding was filed was less than two million dollars.[1]  On September 6, 2011, the Court entered

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where:  (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special

(continued...)

an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 16.) The next day, the Clerk entered Judgment. (Doc. 17.) On October 7, 2011, Plaintiff filed her initial application for attorney's fees. (Doc. 18). On October 18, 2011, Plaintiff filed her amended application for attorney fees. (Doc. 19.)

Plaintiff attached a copy of the fee agreement, which includes Plaintiff's assignment of EAJA fees to her counsel. In light of the assignment, Plaintiff requests (and Defendant does not object) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Accordingly, and upon due consideration it is hereby **ORDERED:**

1. Pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. §2412(d)), Plaintiff's Amended and Unopposed Application for Attorney's Fee Under the Equal Access to Justice Act (Doc. 19) is hereby **GRANTED**. Plaintiff is awarded attorney's fees in the amount of **$2,782.25** and costs in the amount of **$350.00** to be paid out of the judgment fund.

2. Plaintiff's attorney is **GRANTED**, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. §406(b), until thirty (30) days

---

[1](...continued)
circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

after the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on October 19, 2011.

Copies to:
  All Counsel

THOMAS B. SMITH
United States Magistrate Judge